UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM LEWIS RAMSEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:16-cv-02165-TWP-MJD ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

This matter is before the Court on the motion of Petitioner William Ramsey for relief pursuant to 28 U.S.C. § 2255, as well as Ramsey's motion for a status report, Dkt. 67. This ruling provides an update of the status of these proceedings. Ramsey seeks relief from a criminal conviction arguing that he did not receive effective assistance of counsel as required by the Sixth Amendment. For the reasons set forth below, Ramsey's § 2255 motion is **denied,** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On September 17, 2014, Ramsey was charged in a seven-count Indictment in *United States v. Ramsey*, 1:14-cr-00187-TWP-MJD-1 ("Crim. Dkt.") Dkt. 10. Counts 1 through 6 charged Ramsey with knowingly receiving child pornography on certain dates between July 15, 2013, and May 16, 2014, in violation of 18 U.S.C. § 2252(a)(2). *Id.* Count 7 charged him with knowingly possessing child pornography on June 28, 2014, in violation of 18 U.S.C. § 2252(a)(4)(B). *Id.* Indiana Federal Community Defender counsel Gwendolyn Beitz was appointed to represent Ramsey and she entered her appearance on September 19, 2014, Crim. Dkt. 18. On June 18, 2015, Ramsey filed a Petition to Enter a Plea of Guilty. Crim. Dkt. 29. In the Petition, Ramsey represented to the Court that he received a copy of the Indictment and understood the charges brought against him. *Id.* He stated that he understood his rights guaranteed to him by the Constitution. *Id.* Ramsey stated that he offered his plea of guilty freely and voluntary and of his own accord. *Id.*

On August 7, 2015, a Plea Agreement was filed pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C). Crim. Dkt. 32. The Agreement stated that Ramsey would plead guilty to Count 7, which charged him with knowingly possessing child pornography on or about June 28, 2014. *Id.* The parties agreed that the Court should sentence Ramsey to a term of imprisonment of 120 months. *Id.* The government agreed that if Ramsey fully complied with all the terms of this

plea agreement, and if the Court accepted the Plea Agreement, then it would move to dismiss Counts 1 through 6 of the Indictment. *Id.*

In exchange for the concessions made by the United States, Ramsey agreed that in the event the Court accepted the Plea Agreement and imposed a sentence of 120 months, Ramsey would waive his right to appeal his conviction and sentence and any collateral attack against his conviction and sentence. *Id.* The waiver did not encompass claims that Ramsey received ineffective assistance of counsel.

On October 1, 2015, the Court held a change of plea and sentencing hearing. Crim. Dkt. 38. Before the hearing, the parties filed a stipulated factual basis signed by all the parties, including Ramsey. Crim. Dkt. 36. The stipulated factual basis provided that Ramsey possessed a laptop containing several images of child pornography. *Id.* During the plea hearing, the Court advised Ramsey of his rights and the possible penalties and accepted the parties' stipulated factual basis as an adequate basis for the plea. Crim. Dkt. 38. Ramsey attested that he was pleading guilty of his own free will and that no one had threatened or coerced him into pleading guilty. Crim. Dkt. 63, pg. 7-8. Ramsey pleaded guilty to Count 7 of the Indictment and affirmed the truth of the facts stated in the factual basis. Crim. Dkt. 63, pg. 24. The Court accepted Ramsey's guilty plea and adjudged him guilty of Count 7. Crim. Dkt. 38.

Accepting the terms of the plea agreement, the Court sentenced Ramsey to 120 months of imprisonment to be followed by a lifetime of supervised release. Crim. Dkt. 41. Ramsey was also assessed the mandatory assessment of $100 and a fine in the amount of $5,000.00. *Id*. Thereafter, in compliance with the Plea Agreement, the United States filed a motion to dismiss Counts 1 through 6. Crim. Dkt. 39. The Court granted the motion and dismissed Counts 1 through 6. Crim.

Dkt. 40. Ramsey filed this motion for relief pursuant to § 2255 on August 5, 2016. The Court later appointed counsel to represent Ramsey and counsel filed a brief. The United States has responded.

### III. Discussion

Ramsey argues in his motion for relief that his counsel was ineffective. He states that he was incarcerated on a prior state court conviction until November 7, 2013, and he therefore could not have owned a laptop containing child pornography on July 15, 2013, as charged in Counts 1-3 of the Indictment. He states that his counsel should have moved to dismiss Counts 1-3 of the Indictment, because the dates listed in the Indictment are inaccurate. Because counsel did not move to dismiss these Counts, he felt compelled to plead guilty. He also asserts that his attorney failed to communicate with him regarding important dates and failed to move to suppress evidence of a previous case. In his supplement in support of his motion for relief, Ramsey reiterates these arguments. The United States has responded to the motion and the supplement and argues that he waived his right to challenge his conviction and sentence and that his counsel was not ineffective.

**A. *Waiver***

The United States argues that Ramsey waived his § 2255 claims when he consented to the Plea Agreement. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted). Here, because Ramsey argues

that he entered into the plea agreement because of the ineffectiveness of his counsel, his challenge is not waived by the plea agreement and will be considered.

### B. *Ineffective Assistance of Counsel*

Ramsey argues that his counsel was ineffective by failing to move to dismiss Counts 1-3 of the Indictment because he was incarcerated at the times relevant to these three Counts. He also alleges, without elaboration, that his counsel should have filed a motion to suppress information about a previous case. Because of these failures, according to Ramsey, he felt compelled to plead guilty.

A petitioner claiming ineffective assistance of counsel bears the burden of showing: (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the prejudice component, Ramsey must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

The government does not dispute that Ramsey was incarcerated on July 13, 2013. Instead, the government notes that Ramsey does not contend that any deficiency existed as to Count 7 and argues that Ramsey suffered no prejudice based on his counsel's failure to move to dismiss Counts 1-3.

Ramsey pleaded guilty and signed the stipulated factual basis. In doing so, he attested to the truth of the statements made in the factual basis, as described above. Since he admitted to the truth of the statements in the factual basis, Ramsey cannot now argue that he did not possess the

5

images charged in Count 7 of the Indictment. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). Further, while Ramsey contends that he was coerced into pleading guilty, he testified at his plea hearing that he was pleading guilty of his own free will. Crim. Dkt. 60, pg. 7.

Moreover, he cannot establish that he was prejudiced because he does not contend that he would not have pleaded guilty if his counsel had acted differently and has not shown that he would not have been convicted of the crimes charged in Count 7 or that he would have received a better sentence if he had not pleaded guilty.[1] Indeed, Ramsey does not contest that he benefited from, at least, the dismissal of Counts 4-6 by pleading guilty. Having failed to establish that he was prejudiced, Ramsey has failed to show that he is entitled to relief under § 2255.

## IV. Conclusion

For the reasons explained in this Order, Ramsey is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:14-cr-00187-TWP-MJD-1.** The motion to vacate (Crim. Dkt. 55) shall also be **terminated** in the underlying criminal action.

---

[1] Ramsey also makes passing reference to a motion to suppress that he believes his counsel should have filed. Dkt. 14. But he does not explain how such a motion would have been successful or how it would have changed the outcome of this case. He therefore has failed to show that his counsel's performance was ineffective. *See Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017).

## V. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Ramsey has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/4/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:
All Electronically Registered Counsel